```
                  IN THE UNITED STATES BANKRUPTCY COURT
                       SOUTHERN DISTRICT OF OHIO
                           WESTERN DIVISION


IN RE:                              :    CASE NO. 25-10803
                                         CHAPTER 13
       DEBRA HIRATZKA               :    JUDGE BETH A. BUCHANAN

       DEBTOR(S)                    :    TRUSTEE'S OBJECTION
                                         TO CONFIRMATION
```

   Comes now the Chapter 13 Trustee, Margaret A. Burks and files this objection to the Plan filed by debtor.  The attached Memorandum focuses on a number of issues that are not adequately addressed by Debtor.

   The Trustee has emailed follow up questions to Debtor's counsel on the following issues, and responses are pending:

   1. Can Debtor confirm that all of your outstanding attorneys fees are the "no look" in paragraph 5.1.7 of the Amended Plan?
   2. Is Debtor's spouse in a repayment agreement with the IRS and/or State of Ohio? I.e., has the monthly amount to which paragraph 5.5 refers been determined?  If so, is there a written payment Plan?
   3. Has there been any payments on such a repayment Plan?
   4. The Trustee believes she should schedule the US Trustee's Claim 1 as an administrative claim. This was not addressed by the Plan.
   5. In addition to Debtor's counsel's recent letter to the Trustee describing Debtor's ownership of various companies, does Debtor have the tax returns for the two companies in which Debtor remains a 62% owner (Alford Finance, Inc. and Derojo, Inc.)?
   6. Is any other wind down information available on those corporations?
   7. Who is paying the rental income on line 8a of Schedule J? Trustee believes the house is occupied by the co-owner son, so who is paying debtor rental?

FACTS

   Debtor's household had income that exceeded $400,000 in 2024, but Debtor has included on amended Schedule I (Doc. 45) only her social security, her spouse's social security, and $400 of rent from a property in which Debtor owns a 1/3 interest. This ignores the fact that Debtor's husband has and expected to continue to draw hundreds of thousands of dollars of income per year.

   Debtor's Plan provides that several joint debts will be serviced directly by her co-debtor spouse, but these direct-pay disbursements are not disclosed on Schedule J; nor are the sources of funding for this direct payment on Schedule I.

   Debtor is a principal in several corporations owned with her sons. Although one of the sons is in day-to-day control of operations, Debtor is the majority owner in two of them. The Trustee has requested tax returns for these entities, and status on expected wind-down of these corporations.

Debtor's Amended Liquidation (Doc. 48) apportions tax debts jointly owed by Debtor her spouse to minimize the possible recovery of equity for creditors. The Trustee does not agree with the conclusions in Doc. 48, and believes that a higher dividend than the 18.31% currently proposed in the Amended Plan (Doc. 49) will be necessary to meet the requirements of 11 U.S.C. §1325(a)(4).

MEMORANDUM

### Income of Debtor's Household

Debtor and her husband are retired and receiving social security; her husband, however, has retirement accounts from which he has drawn substantial income in recent years. Tax returns for the household in 2025 alone show IRS distributions of $523,250 and pension disbursements of $37,909, in addition to social security benefits of $49,648.00. Recent years prior 2024 show similar incomes structure for the household.

Debtor has provided confirmation that her social security income, combined with her non-debtor spouse's, totals $6,069/month. Looking at the Amended Schedule I and J, this is the only reported income in the household, notwithstanding the fact that the spouse's (reportedly) discretionary draws on his retirement accounts have been in the mid-six figures in recent years.

1. The Trustee has requested a CMI ledger that shows all disbursements of income from various sources during the months of October, 2024 through March, 2025. This has not been received.

2. The Trustee believes that on a prospective basis, Debtor needs to disclose the actual income the household will receive, including the draws from non-debtor spouse's pensions and IRAs which will fund the Debtor's household.

As is the case with debtors' households of more modest means, the Trustee asks that the household's actual projected income be estimated on Schedule I, and if a non-debtor spouse has a largely separate financial life, that spouse's expenses can be enumerated on Schedule J. This approach is not only the Trustee's preference, but is material to the Schedules' accuracy.

### Direct pay of Debts by Husband in Plan paragraph 5.5(A)

Under the Plan, paragraph 5.5(A), Debtor reports the following will be paid direct by her spouse:

-IRS secured debt
-State of Ohio secured debt
-PNC mortgage on Debtor's residence jointly owned with spouse.

The mortgage debt is included on Schedule J, line 4 (Doc. 45, p. 6), which implies the mortgage is paid from Debtor's and spouse's reported social security income. There is no debt service for the State of Ohio or the IRS on Schedule J. The debt service needs to be added to Schedule J, and the source of the income -even if non-debtor spouse's income – needs to be disclosed on Schedule I. To address these issues, the Trustee requests:

3. Terms of repayment agreements between non-debtor spouse and taxing authorities needs to be confirmed.
4. The Trustee notes that if the non-debtor spouse is going to use his retirement income to pay the secured debt due to the taxing authorities, that is probably equitable as it was likely his income that accrued the back taxes. This raises the question, however, of what non-secured, priority tax may be asserted by the IRS and/or State of Ohio.  Again, as non-debtor spouse's income probably accrued a majority of these taxes, will non-secured, priority taxes be paid direct under the agreement described above under "d" and "e"?

## Status of Business Entities In Which Debtor is Majority Owner

Another issue not fully addressed is the status of various business interests in which Debtor was a partial owner. Debtor's son, Robert Stein, has been the principal in various entities doing business under a used car lot. (Another son of Debtor holds a minority interest.) The brand name is "Alford Motors," though the various arms of the business have related, or completely unrelated names.1

Debtor has confirmed through counsel that she remains a 62% owner of Derojo, Inc., which has operated Alford Motors, Inc. Debtor is also a 62% owner of Alford Finance, Inc., which provided financing for the car sales. Debtor has testified at the Meeting of Creditors that she has not been receiving distributions from these entities. The Trustee therefore requests:

5. Business records for 2024, and 2025 year to date, for Derojo, Inc. and Alford Finance, Inc.; and
6. 2024 tax returns for Derojo, Inc. and Alford Finance, Inc.;
7. Has Debtor's son, who runs day-to-day operations in these companies confirmed to Debtor how and when these companies will be wound down?

Debtor's counsel has offered to file a second amendment to the Liquidation Analysis (last amended as Doc. 48) which asserts that Debtor's continuing 62% interest of Derojo, Inc. and Alford Financing, Inc. has no value to the estate. The accuracy of that assertion should be confirmed.

---

1 Note that Bart W. Alford, Trustee, ostensibly a prior owner Alford Motors, has entered an appearance through counsel – Doc. 41- and a judgment lien of Bart Alford is the subject of a Motion to Avoid, Doc. 39. No claim has, however, been asserted by this creditor.

## Liquidation Minimums May Exist in This Estate

Debtor's Liquidation Analysis (last amended as Doc. 48) apportions federal tax liens between two parcels of real property. The first is the marital residence owned 50/50 with her spouse (the Indian Hill property on Schedule A/B); the second is a property on Observatory held as a one-third interest, with her sons owning the other two thirds. Both of these properties have equity for Debtor beyond consensual mortgages, and Debtor's exemption on the Indian Hill property. The question for calculating liquidation is the sequencing of sales that would be expected by hypothetical Chapter 7 Trustees.

**If Indian Hill were sold first:**

```
INDIAN HILL
Value               $680,000
Cost of Sale          50,000
PNC first mtg         33,987
IRS secured lien     316,200
State secured Cl.5   2,992.70

     Net proceeds of $276,820.30 / 2 = net to debtor: $138,410.15
```

The net proceeds would be subject to Debtor's exemption, but only after satisfying the IRS lien. This frees up equity from a subsequent sale of Observatory:

```
OBSERVATORY
Value               $680,000
Est. first mtg        58,000
WF 2nd mtg  Clm 7   167,236.84
Costs of sale         44,600

     Net proceeds of $410,163.16 / 3 = $136,721.05
```

In that scenario, subject to the outcome of the pending lien avoidances by Debtor, up to $136,721.05 would be available for unsecured creditors.

**If Observatory were sold first:**

```
OBSERVATORY
Value               $680,000
Est. first mtg        58,000
WF 2nd mtg  Clm 7   167,236.84
Costs of sale         44,600
```

Net proceeds of $410,163.16 / 3 = $136,721.05 for debtor reduces the expected IRS lien to $179,478.95.

```
INDIAN HILL
Value                $680,000
Cost of Sale           50,000
PNC first mtg          33,987
IRS secured lien      179,478.95
State secured Cl.5      2,992.70
```

Net proceeds of $413,541.35 / 2 = net to debtor: $206,770.67

These proceeds would exceed Debtor's homestead exemption of $182,625, leaving $24,145.67 for creditors. (And this assumes the State were paid after the IRS, instead of *pro rata*.)

This why the Trustee's Report included this query:

8. Outcome of Amended Motions to Avoid (Doc. 43 and Doc. 44).

Outcomes of lien avoidance are a ordinarily a pre-confirmation issue, but that determination in this case affects the calculation of how much equity would be available for unsecured creditors.

### CONCLUSION

Merely asserting that Debtor has no control over her spouse's income is not an appropriate or viable position in this case. Not only does the Trustee believe it is necessary to know the actual income the household will enjoy – even if control over this income is in the non-debtor spouse's hands – but the Plan depends on spouse making substantial payments to the mortgage, IRS, and State of Ohio, which must be documented on Schedules I and J.

It is likewise insufficient for Debtor to say that one of her sons runs two companies in which she owns 62% of each entity. The Trustee needs to see the recent financial records and tax returns for these companies, and needs confirmation that these businesses are being wound down.

Finally, the Trustee does not agree that the IRS and State of Ohio liens take up all of the equity in Debtor's real properties. Determination of how much net equity would flow to Debtor in a hypothetical Chapter 7 may ultimately depend on the outcome of the lien avoidance actions. This issue is not, however, resolved by the Liquidation Analysis proffered as Doc. 48.

The Trustee requests that the Court uphold her objection.

Respectfully submitted,

/s/   Margaret A. Burks, Esq.
      Margaret A. Burks, Esq.
      Chapter 13 Trustee
      Attorney Reg. No. OH 0030377

Document      Page 6 of 7

Francis J. DiCesare, Esq.
Staff Attorney
Attorney Reg. No. OH 0038798

Tammy E. Stickley, Esq.
Staff Attorney
Attorney Reg No. OH 0090122

600 Vine Street, Suite 2200
Cincinnati, OH  45202
513-621-4488
513 621-2643  (facsimile)

mburks@cinn13.org Correspondence only
fdicesare@cinn13.org
tstickley@cinn13.org

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Trustee's Objection to Confirmation was served **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and by first class **mail** on June 17, 2025 addressed to:

Debra Hiratzka
debtor
6857 Indian Hill Place
Cincinnati, OH 45227

                                                      /s/ Margaret A. Burks, Esq.
                                                          Margaret A. Burks, Esq.
                                                          Francis J. DiCesare, Esq.
                                                           Tammy E. Stickley, Esq.

```
                    UNITED STATES BANKRUPTCY COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

IN RE:                            :    CASE NO. 25-10803
                                       CHAPTER 13
    DEBRA HIRATZKA              :    JUDGE BETH A. BUCHANAN

DEBTOR(S)                         :    NOTICE OF OBJECTION
                                       TO CONFIRMATION

    The Chapter 13 Trustee, Margaret A. Burks, has filed an Objection to Confirmation of the Plan filed in the above-referenced case.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

    If you do not want the court to grant the relief sought in objection to confirmation, or if you want the court to consider your views on the objection, July 17, 2025, at the United States Bankruptcy Court, Atrium II, Suite 800, 221 East 4th Street, Cincinnati, Ohio 45202.

    You may also file a Response explaining your position.

        If you mail your response to the court for filing, you must mail it early enough so the court will receive it before the confirmation hearing.

    If you file a Response, you must also mail a copy to:

| | |
|---|---|
| Margaret A. Burks | U.S. Trustee |
| Chapter 13 Trustee | J.W. Peck Federal Building |
| 600 Vine Street | 550 Main Street, Room 4-812 |
| Suite 2200 | Cincinnati, Ohio 45202 |
| Cincinnati, Ohio 45202 | |

    If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the objection and may enter an order granting that relief.

Date:  June 17, 2025                    /s/  <u>Margaret A. Burks, Esq.</u>
                                             Margaret A. Burks, Esq.