UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE:                                    :        CASE NO. 25-10803
                                                   CHAPTER 13
        DEBRA HIRATZKA                    :        JUDGE BETH A. BUCHANAN

        DEBTOR(S)

                                          :        **CHAPTER 13 TRUSTEE'S MOTION TO
                                                   DISMISS AND NOTICE OF HEARING**


        Now comes Margaret A. Burks, Standing Chapter 13 Trustee, and requests that
the Court dismiss this case due to Debtor's failure to prosecute. 11 U.S.C
§1307(c)(1).  Debtor's initial Plan (Doc. 32), and all subsequent iterations,
including Doc. 125, provide that a number of Debtor's obligations jointly owed
with her spouse (Loren Hiratzka) would be serviced by the spouse. See, paragraph
5.5(A).  Amongst these debts to be serviced by Loren Hiratzka is a substantial
obligation owed to the Internal Revenue Service.

        Strongly implied by the face of the Plan, the Trustee worked towards
resolution of her Objection to Confirmation under the premise that Loren Hiratzka
had entered into a repayment agreement.

        The initial Plan (Doc. 32) was filed May 14, 2025.  After almost a year, it
has been reported by the IRS that no agreement to service back taxes is in place,
and no payments towards the delinquent taxes are being made. See, Doc. 133,
Objection to Confirmation by the IRS.

        The IRS has asserted priority debt of $327,697.26, and general unsecured
debt of $77,732.20.  Debtor's proposed Plan is not feasible without this debt
being addressed by the co-debtor, outside of the Plan administration by the
Trustee. The IRS has asserted that this is not acceptable to the IRS.

        In addition, the Debtor and her spouse have yet to provide their 2025 tax
returns to the Trustee for review, which is an on-going obligation set forth in
the proposed Plan.

        For these reasons, the Trustee believes that dismissal is appropriate as
the necessary pre-conditions to make the Plan feasible, and to allow Debtor to
comply with her own Plan, have not been secured in the past year.

                                          Respectfully submitted,

                                  /s/     Margaret A. Burks, Esq.
                                          Margaret A. Burks
                                          Chapter 13 Trustee
                                          Attorney Reg. No. OH 0030377
                                          Francis J. DiCesare, Esq.
                                          Staff Attorney
                                          Attorney Reg. No. OH 0038798
                                          Tammy E. Stickley, Esq.
                                          Staff Attorney
                                          Attorney Reg No. OH 0090122

600 Vine Street, Suite 2200
Cincinnati, Ohio 45202
513-621-4488
513 621-2643 (facsimile)
mburks@cinn13.org Correspondence only
fdicesare@cinn13.org
tstickley@cinn13.org

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion to Dismiss was served **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and by first class m**ail** on May 8, 2026addressed to:

Debra Hiratzka
debtor
6857 Indian Hill Place
Cincinnati, OH 45227


/s/    Margaret A. Burks, Esq.
       Margaret A. Burks, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE:                              :       CASE NO. 25-10803
                                            CHAPTER 13
    DEBRA HIRATZKA               :       JUDGE BETH A. BUCHANAN

    DEBTOR


                                    :       NOTICE  OF  MOTION  TO  DISMISS  AND
                                            HEARING


    The Chapter 13 Trustee, Margaret A. Burks, has filed a Motion to Dismiss the above-captioned case.

    **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

    If you do not want the Court to grant the relief sought in motion, or if you want the Court to consider your views on the motion, then on or before twenty-one (21) days from date on the certificate of service on the motion you or your attorney must:

        File with the Court a written request for a hearing, and a written response explaining your position at:

        U.S. Bankruptcy Court
        Atrium II, Suite 800
        221 East 4th Street
        Cincinnati, Ohio 45202

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above. You must also mail a copy to:

        Margaret A. Burks
        Chapter 13 Trustee
        600 Vine Street
        Suite 2200
        Cincinnati, Ohio 45202

        U.S. Trustee
        J.W. Peck Federal Building
        550 Main St., Room 4-812
        Cincinnati, Ohio 45202

    The Court will send you a separate notice if it sets a hearing.

    If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

     **If a response is filed within the time provided above, then a hearing will be held on June 4, 2026 at 2:00 pm at U.S. Bankruptcy Court, Room 814, Courtroom 1, Atrium II, 221 East Fourth Street, Cincinnati, OH 45202. If no response is filed within the time provided, then no hearing will be held and the Court may enter an order dismissing this case.**

Date:  5/8/2026

/s/  Margaret A. Burks, Esq.
     Margaret A. Burks, Esq.